U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
**ENTERED**
THE DATE OF ENTRY IS
ON THE COURTS DOCKET
TAWANA C. MARSHALL, CLERK

MAY 21 2015

_____
D. Michael Lynn
U.S. Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 CASES |
| | ) | |
| FRAC SPECIALISTS, LLC, | ) | CASE NO. 15-41974-dml-11 |
| CEMENT SPECIALISTS, LLC, | ) | CASE NO. 15-41975-dml-11 |
| ACID SPECIALISTS, LLC, | ) | CASE NO. 15-41976-dml-11 |
| | ) | |
| DEBTORS. | ) | Jointly Administered Under |
| | ) | Case No. 15-41974-dml-11 |

**INTERIM ORDER GRANTING DEBTORS' MOTION
FOR ENTRY OF INTERIM AND FINAL ORDERS AUTHORIZING
THE USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION**

Came on for consideration the Debtors' Motion for Entry of Interim and Final Orders Authorizing the Use of Cash Collateral and Granting Adequate Protection (the "Motion")[1] filed by Frac Specialists, LLC ("Frac Specialists"), Cement Specialists, LLC ("Cement Specialists") and Acid Specialists, LLC ("Acid Specialists" and with Frac Specialists and Cement Specialists, the

---

[1] Capitalized terms used herein and not otherwise defined shall have the meanings ascribed to them in the Motion.

1

"Debtors" or the "Companies"). Based upon the record, the representations of counsel, and the evidence presented during the hearing on Motion, the Court hereby finds:

On May 17, 2015 (the "Petition Dates"), the Debtors filed voluntary petitions under Chapter 11 of the United States Bankruptcy Code (the "Code") in the Court. The Debtors continue to manage and operate their businesses and properties as a debtor-in-possession pursuant to sections 1107 and 1108 of the Code. No request has been made for the appointment of a trustee or examiner and no official committee has yet been appointed.

This Court has jurisdiction over this case and the Motion pursuant to 28 U.S.C. §§ 157(b) and 1334. Consideration of the Motion constitutes a core proceeding as defined in 28 U.S.C. § 157(b)(2).

Capital One, N.A. (the "Bank" or "Prepetition Lender") asserts that (a) the Debtors are jointly obligated to the Bank pursuant to that certain Revolving Loan Promissory Note (as renewed, amended or modified, the "Note") dated September 19, 2014 and related loan documents, including but not limited to that certain Loan and Security Agreement between the Bank and Debtors dated as of September 19, 2014 (as renewed, amended or modified, the "Loan Agreement"), providing Debtors with a revolving borrowing facility of up to $25 million; (b) as of the Petition Date, the outstanding balance under the Note was approximately $7 million; (c) the Note is secured by the Debtors' Accounts, Deposit Accounts, and Proceeds, all as defined in the Loan Agreement (the "Prepetition Collateral"); and that (d) the Bank holds a security interest in the Debtors' cash and cash equivalents on hand as of the Petition Date (the "Cash Collateral").

The Debtors assert that they will suffer irreparable and immediate harm if they are not granted the relief herein. The Debtors further assert that an immediate and critical need exists for the Companies to obtain funds in order to continue the operation of their businesses and that, without such funds, the Companies will not be able to pay their payroll and other direct operating expenses and obtain goods and services needed to carry on their businesses during this sensitive

period in a manner that will avoid irreparable harm to the Companies' estates. The Debtors assert that, at this time, the Companies' ability to use Cash Collateral is vital to the confidence of the Companies' vendors and suppliers of the goods and services and to the preservation and maintenance of the going concern value of the Companies' estates.

Good cause has been shown for the entry of this Order. The Court finds that the notice to the U.S. Trustee, the Bank, and the twenty largest unsecured creditors was sufficient under the circumstances. Entry of this Interim Order is justified and appropriate under the circumstances. Entry of this Interim Order is in the best interest of the Debtors' estates.

IT IS THEREFORE ORDERED AND ADJUDGED as follows:

1. **Use of Cash Collateral**. Subject to the terms of this Order, the Companies are hereby authorized to use Cash Collateral, on an interim basis, during the period (the "Budget Period") beginning May 17, 2015 and ending on May 31, 2015, or as provided in any subsequent Interim or Final Order on this Motion. The Companies are authorized to use Cash Collateral only in the amounts and for the expenses and disbursements set forth in the interim budget ("Interim Budget") attached hereto as **Exhibit "A,"** subject to the Budget Variance (defined below), or as authorized by the Bank. The Companies shall not incur expenses nor use Cash Collateral in an amount that exceeds by more than ten percent (10%) the total expenses provided in the Budget for the Budget Period (the "Budget Variance"). Notwithstanding the above, to the extent the Budget includes amounts for prepetition wage-related claims, such amounts shall not be paid absent further Court order.

2. **Pre-petition Liens**. The Bank shall retain its security interest and liens on the Prepetition Collateral and the proceeds thereof to the fullest extent and relative priority as set forth in the Loan Agreement; provided, however, that nothing herein shall constitute a finding by the Court that such liens are valid, fully perfected or unavoidable, and nothing herein shall constitute a waiver of any parties' rights to contest such liens.

3. **Adequate Protection Liens**. Except as otherwise provided herein, as adequate protection to the Bank for the Companies' use of Cash Collateral as permitted herein, to the extent that the Companies' use of Cash Collateral results in a diminution in value of the Bank's interest in the Prepetition Collateral, including Cash Collateral, as of the Petition Date, the Bank shall have and is hereby granted, effective as of the Petition Date, valid and automatically perfected security interests and liens in and upon (i) all of the property and assets of the Debtors' estates that are in the same categories and of the same types of property and assets that are included in the definition of the Bank's Prepetition Collateral and Cash Collateral, as may be created, acquired, received, and/or obtained postpetition, and (ii) all of the Debtors' pickup trucks, vans, and tractors described on Debtors' Exhibit 2 which was referenced at the May 19, 2015 hearing on the Motion, with such liens identified in this subsection 3(ii) having the same priority as the Bank's security interests in and liens upon the Prepetition Collateral and Cash Collateral (all such adequate protection liens, "Adequate Protection Liens"). The adequate protection provided to the Bank herein is without prejudice to the Bank's rights to seek additional adequate protection on an interim or final basis. For avoidance of doubt, the Bank reserves its right, among others, to request and obtain adequate protection payments including, without limitation, payment of interest, costs, and/or expenses of the Bank.

4. **Superpriority Administrative Expense Claim**. As additional adequate protection, the Bank is granted a superpriority administrative expense claim under Bankruptcy Code § 507(b) to the extent that the Adequate Protections Liens granted herein prove insufficient to adequately protect the Bank's interests.

5. **No Lien Upon Avoidance Actions**. Notwithstanding anything herein to the contrary, the Adequate Protection Liens do not extend to the Debtors' transfer or lien avoidance rights and claims under Sections 544, 545, 547, 548, 549 or 550 of the Bankruptcy Code.

6. **Perfection of Liens**. The Adequate Protection Liens are, and shall be, valid, perfected, enforceable and effective as of the Petition Date without the need for any further action

4

by the Companies, the Bank or the necessity of execution or filing of any instruments or agreements.

7. **Survival**. The terms and provisions of this Interim Order inure to the benefit of, and are binding upon, the Bank, the Debtors, and creditors of the Debtors, and their respective successors and assigns, including, without limitation, any trustee or legal representative of the Debtors appointed in this case or in any superseding case under Chapter 7 of the Code. This Interim Order is immediately valid and fully effective upon entry by this Court.

8. **No Waiver.** Nothing in this Interim Order shall prejudice or waive any right (i) of the Debtors or any other party to contest the amount and validity of the Bank's claim and prepetition security interests, or (ii) of the Bank, under applicable law, the Bankruptcy Code, and/or the Loan Agreement.

9. **Notice of Final Hearing on Use of Cash Collateral**. A final hearing shall be set on the Motion. The Debtors shall serve a notice of the hearing on (a) the Office of the U.S. Trustee; (b) counsel to the Bank; (c) the twenty largest unsecured creditors, and (d) all parties requesting notice in these cases.

### END OF ORDER ###

L:\JPROSTOK\Frac Specialists (C11) #5756\Pleadings\Interim Cash Collateral Order 5.20.15.docx

# EXHIBIT "A"

FRAC SPECIALISTS, LLC; CEMENT SPECIALISTS, LLC AND ACID SPECIALISTS INDIVIDUAL AND COMBINED

2 Week Cash Collateral Budget
May 18, 2015 Through May 31, 2015

ASSUMES OPERATIONS ON ENCANA CEASE 5/22/15

| | Cement | | | Frac | | | Acid | | | Combined | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | 5/18/15-5/24/15 | 5/25/15-5/31/15 | 14 Day Total | 5/18/15-5/24/15 | 5/25/15-5/31/15 | 14 Day Total | 5/18/15-5/24/15 | 5/25/15-5/31/15 | 14 Day Total | 5/18/15-5/24/15 | 5/25/15-5/31/15 | 14 Day Total |
| Projected Receipts | $ 62,000 | $ 27,000 | $ 89,000 | $ | $ 157,000 | $ 157,000 | $ 62,000 | $ 25,000 | $ 87,000 | $ 124,000 | $ 209,000 | $ 333,000 |
| Payroll | | 110,000 | 110,000 | | 575,000 | 575,000 | | 150,000 | 150,000 | | 835,000 | 835,000 |
| Materials | | | | | | | | | | | | |
| Acid | | | | | | | 20,000 | 20,000 | 40,000 | 20,000 | 20,000 | 40,000 |
| Chemicals | | | | | 5,000 | 5,000 | 5,000 | 5,000 | 10,000 | 5,000 | 10,000 | 15,000 |
| Sand | | | | | 12,000 | 12,000 | | | | | 12,000 | 12,000 |
| Cement | 60,000 | 60,000 | 120,000 | | | | | | | 60,000 | 60,000 | 120,000 |
| Chemicals | 50,000 | 50,000 | 100,000 | | | | | | | 50,000 | 50,000 | 100,000 |
| Transportation | 15,000 | 15,000 | 30,000 | | | | | | | 15,000 | 15,000 | 30,000 |
| Fly Ash | 15,000 | 15,000 | 30,000 | | | | | | | 15,000 | 15,000 | 30,000 |
| Gel | 6000 | 6,000 | 12,000 | | | | | | | 6,000 | 6,000 | 12,000 |
| Fuel | | | | | | | | | | | | |
| Kendrick | | | | 200,000 | | 200,000 | | | | 200,000 | - | 200,000 |
| Western Petroleum | | 25,000 | 25,000 | 110,000 | 35,000 | 145,000 | | 25,000 | 25,000 | 110,000 | 85,000 | 195,000 |
| Job Meals | 1,000 | 1,000 | 2,000 | 10,000 | 10,000 | 20,000 | 1,000 | 1,000 | 2,000 | 12,000 | 12,000 | 24,000 |
| Maintenance & repairs | 5,000 | 5,000 | 10,000 | 40,000 | 50,000 | 90,000 | 12,500 | 12,500 | 25,000 | 57,500 | 67,500 | 125,000 |
| Blue Cross Blue Shield | | 25,000 | 25,000 | | 90,000 | 90,000 | | 27,000 | 27,000 | | 142,000 | 142,000 |
| Worker's Comp | | | | | 25,000 | 25,000 | | | | | 25,000 | 25,000 |
| Utilities | | | | | | | 2,000 | | 2,000 | - | 2,000 | 2,000 |
| Verizon | | | | | | | | | | - | - | - |
| Travel | | | | 2,000 | | 2,000 | 2,700 | | 2,700 | 2,700 | - | 2,700 |
| Equipment wash | 2,500 | 1,500 | 1,500 | 1,000 | 1,000 | 2,000 | 250 | | 500 | 2,000 | 1,500 | 3,500 |
| Equipment rent | | 2,500 | 5,000 | 20,000 | 5,000 | 25,000 | 250 | 250 | 500 | 3,750 | 3,750 | 7,500 |
| Office Supplies | 750 | 750 | 1,500 | 1,500 | 1,500 | 3,000 | 1,000 | 1,000 | 2,000 | 20,000 | 5,000 | 25,000 |
| Safety | 3,000 | 3,000 | 6,000 | 5,000 | 5,000 | 10,000 | 4,000 | 4,000 | 8,000 | 3,250 | 3,250 | 6,500 |
| Janitorial | | | | | | | 1,500 | 1,500 | 3,000 | 12,000 | 12,000 | 24,000 |
| Shop Supplies | | | | | 5,000 | 5,000 | 1,500 | 1,500 | 3,000 | 1,500 | 1,500 | 3,000 |
| Vehicle Expense | 4,000 | 4,000 | 8,000 | 8,000 | 8,000 | 16,000 | 7,500 | 7,500 | 15,000 | 7,500 | 12,500 | 20,000 |
| | | | | | | | 2,500 | 2,500 | 5,000 | 14,500 | 14,500 | 29,000 |
| Total Projected Expenditures | 162,250 | 323,750 | 486,000 | 397,500 | 827,500 | 1,225,000 | 57,950 | 259,250 | 317,200 | 617,700 | 1,410,500 | 2,028,200 |
| Net | -$ 100,250 | -$ 296,750 | -$ 397,000 | -$ 397,500 | -$ 670,500 | -$ 1,068,000 | $ 4,050 | -$ 234,250 | -$ 230,200 | -$ 493,700 | -$ 1,201,500 | -$ 1,695,200 |